IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

DEC 23 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

FRANCIS ROLLINS, an individual, )
And DONNA BROWN, an individual, )
                     Plaintiffs, )  Case No.
                                )
v.                              )
                                )
ANITA BLATNICK, an individual and as an )  **CJ-2013-05787**
Employee of Legend Retirement Corporation, )
LEGEND RETIREMENT CORPORATION, )
d/b/a SAGORA SENIOR LIVING, INC., )
formerly known as ABERDEEN HEIGHTS, )  **E. MARK BARCUS**
a foreign for profit business corporation, )
                     Defendants. )

## PETITION

COMES NOW Plaintiffs, Francis Rollins and Donna Brown, by and through their attorneys of record, E. Kathleen Pence and Sarah Yates Reddy, of the law firm of PENCE & REDDY, P.C., does hereby bring this action against Anita Blatnick and Legends Retirement Corporation, doing business as Sagora Senior Living, Inc., formerly known as Aberdeen Heights. In support of the Plaintiffs' Petition, they submit the following, to-wit.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Francis Rollins is a resident of Rogers County, State of Oklahoma.

2. Plaintiff Donna Brown is a resident of Tulsa County, State of Oklahoma.

3. Defendant Anita Blatnick is a resident of Tulsa County, State of Oklahoma.

4. Defendant Legend Retirement Corporation is a foreign for profit business organized under the laws of Delaware, registered with the Oklahoma Secretary of State with a registered agent located in Oklahoma, and regularly conducts business in Tulsa County, State of Oklahoma.

5. The incidents and injuries that give rise to this Petition occurred within Tulsa County, State of Oklahoma.



## FACTS COMMON TO ALL CLAIMS

5. Plaintiff Francis Rollins incorporates Paragraphs 1-5 as if realleged.

6. Plaintiff Donna Brown incorporates Paragraphs 1-5 as if realleged.

7. Francis Rollins began her employment at Legends Retirement Corporation, d/b/a Sagora Senior Living, Inc., formerly known as Aberdeen Heights ("Legends") on or about October 7, 2009.

8. Donna Brown began her employment at Legends on or about September 19, 2011.

9. At all times relevant to the allegations, Defendant Anita Blatnick was employed at Legends and was the direct supervisor of Ms. Rollins and Ms. Brown.

10. Throughout Ms. Rollins's employment at Legends, she maintained a satisfactory work record with the Defendant Legends.

10. Throughout Ms. Brown's employment at Legends, she maintained a satisfactory work record with the Defendant Legends.

11. Toward the end of Ms. Rollins's employment at Legends, she became aware of an incident wherein a resident was injured in a fall.

12. Defendant Blatnick advised Ms. Rollins and Ms. Brown at a regularly scheduled morning shift meeting, not to report the resident's fall to corporate, and if said report was made, that they would be terminated.

13. Several weeks later, a corporate officer made a site visit to Legends.

14. The corporate officer spoke with Ms. Rollins and she inadvertently revealed the identity and circumstances of the resident who had fallen.

15. Shortly thereafter, Ms. Rollins was fired by Ms. Blatnick in retaliation for reporting the resident's fall to a corporate officer.

16.     Ms. Blatnick was working within the scope of her employment when she fired Ms. Rollins.

17.     After Ms. Rollins was wrongfully terminated, Ms. Blatnick began to harass Ms. Brown, wrongfully accusing her of leaking information about the current events of Legends to Ms. Rollins.

18.     Ms. Blatnick was suspicious of Ms. Brown because of Ms. Brown's friendship with Ms. Rollins.

19.     Shortly thereafter, Defendant Blatnick falsified documents stating that Ms. Brown was required to communicate with another staff member in order to complete her work responsibilities and to provide adequate care for a resident.

20.     When Ms. Brown informed Defendant Blatnick that she could do her job without communicating with said staff member and that said staff member was a trouble-maker, Defendant Blatnick wrongfully terminated Ms. Brown.

21.     Defendant Blatnick terminated Ms. Brown while acting within the scope of her employment with Defendant Legends.

## CAUSES OF ACTION

### I. RETALIATORY DISCHARGE

22.     In September of 2012, Ms. Rollins spoke with a corporate officer of Legends, inadvertently revealing that a resident was negligently allowed to escape from the facility and had been injured.

23.     Ms. Rollins believed that the resident's escape from the facility and subsequent injury had been reported to the corporate office by Defendant Blatnick, in accordance with the requirements of the Nursing Home Care Act.

24. Defendant Blatnick, acting within her scope of employment, subsequently and maliciously terminated Ms. Rollins in order to cover up her failure to report the resident's escape and injury as required by the Nursing Home Care Act.

25. Defendant Blatnick violated the Nursing Home Care Act by firing Ms. Rollins in retaliation for reporting the injury to a member of corporate and in efforts to cover up her failure to report.

26. Defendants Blatnick and Legends directly and proximately caused damages to Ms. Rollins when they terminated her in retaliation for reporting resident injuries to a member of corporate.

27. As a result of her retaliatory discharge, Ms. Rollins has suffered considerable damages, including but not limited to, lost wages and other actual damages in excess of $75,000.00.

## II. WRONGFUL DISCHARGE

28. Following Ms. Rollins's retaliatory discharge, Defendant Blatnick, acting within the scope of her employment, began to harass Ms. Brown regarding Ms. Brown's friendship with Ms. Rollins.

29. Defendant Blatnick, acting within the scope of her employment, began to treat Ms. Brown poorly and complain of her work, despite no change in the quality of work Ms. Brown performed for the Defendant Legends.

30. Defendant Blatnick began to harass Ms. Brown about "communicating" with another employee, who did not work in Ms. Brown's department and who was also a well-known trouble-maker.

31. Ms. Brown and the other employee did not share work duties and completion of said work duties did not rely on communications between the other employee and Ms. Brown.

32. Despite Ms. Brown's continued completion of her work duties, Defendant Blatnick continually harassed her regarding the necessity of "communicating" with the other employee and divulging information about the facility to Ms. Rollins.

33. During this time, Ms. Blatnick required Ms. Brown to attend daily meetings, which were not previously required for Ms. Brown, at which Ms. Blatnick made multiple threats to "terminate" anyone who spoke with Ms. Rollins.

34. Defendant Blatnick, acting within the scope of her employment, threatened Ms. Brown and numerous other employees with discharge if Defendant Blatnick discovered that anyone was reporting the injuries of residents at the Defendant Legends.

35. After Defendant Blatnick's relentless harassment, and acting within the scope of her employment, she fired Ms. Brown out of fear that she would report to corporate the negligent acts that occurred at Legends and due to Ms. Brown's association with Ms. Rollins, a known whistle-blower.

36. Defendants Legends and Blatnick directly and proximately caused Ms. Brown's damages when they wrongfully terminated her for her association with Ms. Rollins.

37. As a result of this wrongful termination, Ms. Brown has suffered considerable damages, including but not limited to, lost wages and other actual damages in excess of $75,000.00.

### III. PUBLIC POLICY TORT

38. Oklahoma has an interest in protecting the health and welfare of nursing home and assisted living residents.

39. Oklahoma requires the reporting of injuries resulting from neglect to be reported to the facility administrator. 63 O.S. § 1-1939.

40. The Legends has instituted a policy and procedure that all neglect must be reported to the General Manager or the Executive Director.

41. Defendant Blatnick acted contrary to Oklahoma's public policy of protecting nursing home and assisted living residents by firing Ms. Rollins in connection with the reporting of a resident's injury to a member of corporate.

42. Defendant Blatnick violated Legends policy and procedure by failing to report said injuries to the appropriate member of corporate.

43. Due to Oklahoma's public policy, Ms. Rollins could not be terminated for complying with state statute, despite her at-will employee status.

44. Defendants Legends and Blatnick directly and proximately caused damages to Ms. Rollins when they terminated her for complying with Oklahoma public policy and Legends policy and procedure.

45. As a result of the violation of Oklahoma's public policy, Ms. Rollins has suffered considerable damages, including but not limited to, lost wages and other actual damages in excess of $75,000.00.

## IV. PUBLIC POLICY TORT

46. Oklahoma has an interest in protecting the health and welfare of nursing home and assisted living residents.

47. Oklahoma requires the reporting of injuries resulting from neglect to be reported to the facility administrator. 63 O.S. § 1-1939.

48. The Legends has instituted a policy and procedure that all neglect must be reported to the General Manager or the Executive Director.

49. Defendant Blatnick acted contrary to Oklahoma's public policy of protecting nursing home and assisted living residents by firing Ms. Brown in connection with the reporting of a resident's injury to a member of corporate.

50. Defendant Blatnick violated Legends policy and procedure by failing to report said injuries to the appropriate member of corporate.

51. Due to Oklahoma's public policy, Ms. Brown could not be terminated for complying with state statute, despite her at-will employee status.

52. Defendants Legends and Blatnick directly and proximately caused damages to Ms. Brown when they terminated her for complying with Oklahoma public policy and Legends policy and procedure.

53. As a result of the violation of Oklahoma's public policy, Ms. Brown has suffered considerable damages, including but not limited to, lost wages and other actual damages in excess of $75,000.00.

## V. RESPONDEAT SUPERIOR

54. Defendant Blatnick was, at all times relevant, employed by the Defendant Legends as the direct supervisor to Ms. Rollins and Ms. Brown.

55. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she failed to report residents' injuries as required by the Nursing Home Care Act.

56. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she attempted to cover-up her failure to report residents' injuries as required by the Nursing Home Care Act when she threatened employees with termination for acting in compliance with state law.

57. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she fired Ms. Rollins for acting in compliance with state law and Oklahoma public policy.

58. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she harassed Ms. Brown for work product that had been deemed to be satisfactory by Defendant Blatnick for the duration of Ms. Brown's employment at the Legends prior to Ms. Rollins's termination.

59. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she falsified documents stating that Ms. Rollins was terminated for allegedly holding a meeting with Ms. Rollins's subordinates which was contrary to Defendant Blatnick's instructions.

60. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she falsified documents stating that Ms. Brown refused to communicate with an employee which rendered her unable to complete her work tasks and unable to adequately care for a resident.

61. Defendant Blatnick was acting within her scope of employment for Defendant Legends when she terminated Ms. Brown for her perceived role in reporting resident injuries in compliance with Oklahoma state law and public policy.

62. Because Defendant Blatnick was acting within the scope of her employment with Defendant Legends, it is responsible for her acts under the doctrine of respondeat superior.

63. Defendant Legends has directly and proximately caused damages to Ms. Rollins and Ms. Brown, through the bad acts of Defendant Blatnick, thus it is responsible for their damages.

64. Due to Defendant Legends' and Defendant Blatnick's acts, Ms. Rollins and Ms. Brown have suffered considerable damages, including but not limited to, lost wages in excess of $75,000.00, respectively.

## VI. MALICIOUS WRONG

65. Defendant Blatnick intentionally harmed Ms. Rollins when she terminated her employment with the Legends.

66. Defendant Blatnick's actions were calculated within the ordinary course of events to damage Ms. Rollins.

67. Defendant Blatnick's actions are the direct and proximate cause of the damages Ms. Rollins has suffered as a result of her termination.

68. Defendant Blatnick unlawfully terminated Ms. Rollins without excuse or justification.

69. Due to Defendant Blatnick's malicious wrong to Ms. Rollins, Ms. Rollins has suffered considerable damages, including but not limited to, lost wages in excess of $75,000.00.

## VII. MALICIOUS WRONG

70. Defendant Blatnick intentionally harmed Ms. Brown when she terminated her employment with the Legends.

71. Defendant Blatnick's actions were calculated within the ordinary course of events to damages Ms. Brown.

72. Defendant Blatnick's actions are the direct and proximate cause of the damages Ms. Brown has suffered as a result of her termination.

73. Due to Defendant Blatnick's malicious wrong to Ms. Brown, Ms. Brown has suffered considerable damages, including but not limited to, lost wages in excess of $75,000.00.

WHEREFORE PREMISES CONSIDERED, Plaintiffs Rollins and Brown, request judgment in their favor in excess of $75,000.00, respectively, for the above causes of action and for damages they have incurred as a direct and proximate cause of said acts, which include but are not limited to lost wages, as well as all attorney's fees and costs, and any additional equitable remedy this Court deems appropriate.

Respectfully submitted,

*/s/ Kathleen Pence*

E. Kathleen Pence, OBA # 30902
Sarah Yates Reddy, OBA # 30777
PENCE & REDDY, P.C.
500 Mid-Continent Bldg.
401 S. Boston Ave.
Tulsa, Oklahoma 74104
Phone: (918) 947-8102
Facsimile: (918) 699-0325

ATTORNEYS FOR PLAINTIFFS
FRANCIS ROLLINS AND
DONNA BROWN

## AFFIDAVIT

STATE OF OKLAHOMA )
) SS.
COUNTY OF TULSA )

I, Francis Rollins, Plaintiff in the matter of *Rollins v. Blatnick, et al.*, do hereby certify and affirm that I am of legal age, that I have reviewed the above and foregoing Petition, and that I find the factual allegations to be true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_____
Francis Rollins, Plaintiff

Subscribed and sworn to be this _28th_ day of October, 2013.

_____
Notary Public

My Commission Expires:

_08-09-14_

Commission No.:

_02012262_

## AFFIDAVIT

STATE OF OKLAHOMA   )
                                             )  SS.
COUNTY OF TULSA    )

I, Donna Brown, Plaintiff in the matter of *Rollins v. Blatnick, et al.*, do hereby certify and affirm that I am of legal age, that I have reviewed the above and foregoing Petition, and that I find the factual allegations to be true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_____
Donna Brown, Plaintiff

Subscribed and sworn to be this _28th_ day of October, 2013.

_____
Notary Public

My Commission Expires:

_08-09-14_

Commission No.:

_02012262_

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above *Petition* and a Summons will be served via certified U.S. mail, return receipt requested, on the following parties:

Corporation Service Company
115 S.W. 89th Street
Oklahoma City, Oklahoma 73139

REGISTERED AGENT FOR LEGEND
RETIREMENT CORPORATION, D/B/A
SAGORA SENIOR LIVING, INC.

Anita Blatnick
Sagora Senior Living
7220 S. Yale Avenue
Tulsa, Oklahoma 74136

DEFENDANT

_____
E. Kathleen Pence

7012 1010 0000 2225 8019

(Corporation) Service Company
115 SW 89th Street
Oklahoma City, Oklahoma 73159

Lewis Barber and Associates
[address illegible], Suite 800
Tulsa, OK 74103