UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANCIS ROLLINS and** | ) | |
| **DONNA BROWN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-46-JED-PJC** |
| | ) | |
| **ANITA BLATNICK et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Two related motions are before the Court in this employment action removed from Tulsa County District Court.  Defendant Anita Blatnick has filed a motion to dismiss (Doc. 8), arguing that she was fraudulently joined as a defendant to defeat removal, as plaintiffs have no valid claims against her.  Plaintiffs, Francis Rollins and Donna Brown, have filed a motion to remand (Doc. 10), arguing that Blatnick, who is the non-diverse defendant domiciled in Oklahoma, is properly joined as a party-defendant and that this case should be remanded for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiffs brought this lawsuit in Tulsa County based upon their prior employment relationship with defendant Legend Retirement Corporation ("Legend").  They claim that they were both wrongfully discharged in separate but factually related incidences, which they say were the result of a personal vendetta on the part of Blatnick.  Plaintiffs allege that Blatnick instructed them not to report a resident's fall and resulting injuries to the corporate office or they would be terminated.  Weeks later, during the visit of a corporate officer, Rollins inadvertently revealed information about the fall to the corporate officer.  Shortly thereafter, she alleges that

she was fired by Blatnick in retaliation. After Rollins' firing, Brown alleges that she began to be harassed by Blatnick, who was aware of Brown's friendship to Rollins. Brown asserts that Blatnick falsified documents stating that Ms. Brown was not competent to complete her job without help. When Brown disputed this information, she was terminated by Blatnick.

Plaintiffs' petition alleges claims for retaliatory discharge, wrongful discharge, public policy tort, and malicious wrong. Plaintiff seeks to hold Blatnick personally liable and asserts that Legend is vicariously liable under *respondeat superior* and directly liable. Blatnick now urges the Court to find that she was fraudulently joined in order to destroy diversity on the basis that the plaintiffs have not stated a viable claim against her.

### STANDARDS

The doctrine of fraudulent joinder is generally applied where, as here, a defendant asserts that a non-diverse party has been joined only to thwart removal based on diversity. Blatnick can prove fraudulent joinder by showing that either: (1) plaintiffs' jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiffs have no possibility of recovery against her as the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). Blatnick, the party asserting fraudulent joinder, bears the burden of proof. *See Montano v. Allstate Indemnity Co.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished opinion) ("The case law places a heavy burden on the party asserting fraudulent joinder.").

### DISCUSSION

The Court finds that Blatnick has failed to meet her burden of demonstrating that plaintiffs have no possible cause of action against her. Specifically, plaintiffs have alleged a claim against Blatnick for malicious wrong, an antiquated cause of action under Oklahoma law,

which the Court does not agree lacks any shred of viability.  Blatnick largely relies upon two cases in support of her proposition that malicious wrong is not a viable cause of action under Oklahoma law.

First, in *Merrick v. N. Natural Gas Co., Div. of Enron Corp.*, 911 F.2d 426 (10th Cir. 1990), the Tenth Circuit casts doubt on whether Oklahoma would extend the tort of malicious wrong—referred to throughout the opinion as "prima facie tort"—to sex or religious discrimination cases.  *Id.* at 433.  In doing so, the court noted that the tort had traditionally been limited to situations involving "malicious injury to business or property interests."  *Id.*

Second, in *Myers v. Knight Protective Serv., Inc.*, CIV-10-866-C, 2011 WL 39039 (W.D. Okla. Jan. 5, 2011), the court relied upon *Merrick* in dismissing a claim for malicious wrong. The *Myers* court cited *Merrick* for the proposition that "Oklahoma does not recognize the tort of malicious wrong in an employment context."  *Id.* at *2.

In contrast to *Merrick* and *Myers*, plaintiff relies upon *Fulton v. People Lease Corp.*, 241 P.3d 255 (Okla. Civ. App. 2010).  In *Fulton*, the Oklahoma Court of Civil Appeals discussed the history of the tort of malicious wrong and contrasted it with the more commonly pled tort of intentional interference with contract or property, describing the torts as "distinct and independent."  *Id.* at 267.  Because the *Fulton* court found that the plaintiff had stated a claim for the "more specific tort of interference with economic relations", the district court's decision to dismiss the malicious wrong claim was affirmed.  *Id.*  Thus, the *Fulton* court appears to have affirmed the viability of the tort of malicious wrong *unless* a more specific claim for intentional interference with economic relations has been pled.  *See id.*; *see also Myers, supra*, at *2. ("the Court of Civil Appeals held, in *Fulton*, that the tort of malicious wrong was unavailable where the more specific tort of interference with economic relations had been pled.").

3

Here, plaintiffs have not pled the more specific tort of intentional interference with economic relations and *Fulton* therefore does not require dismissal of their malicious wrong claim. *Fulton* also undermines the Tenth Circuit's statement in *Merrick*—relied upon by the *Myers* court—that Oklahoma would likely not recognize the tort in an employment context, as *Fulton*, decided subsequent to *Merrick*, was indeed an employment case. *See Fulton*, 241 P.3d at 258; *see also Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 335 F.3d 1161, 1167 (10th Cir. 2003) ("Our cases are not binding on the Oklahoma courts with respect to Oklahoma law."). At a minimum, there is uncertainty regarding the continued viability of the tort of malicious wrong under Oklahoma law. Accordingly, the Court cannot say, as Blatnick asks the Court to do, that plaintiffs have no possibility of recovery against her. An Oklahoma court is more properly suited to decide unsettled issues of Oklahoma law. Because the Court finds that Blatnick is not fraudulently joined as a defendant in this action, there is not complete diversity and the Court lacks subject matter jurisdiction over this dispute.

### Attorney Fees

Plaintiffs ask that the Court award them reasonable fees and costs incurred as a result of improper removal. In its discretion, a court can require payment of costs and expenses, including attorney fees, incurred as a result of an improper removal. 28 U.S.C. § 1447; *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004) *aff'd*, 546 U.S. 132 (2005). The Court finds that defendants' removal was based upon objectively reasonable grounds and not pursued in bad faith. As such, an award of fees and costs is not warranted and plaintiffs' request in this regard is denied.

CONCLUSION

IT IS THEREFORE ORDERED that Blatnick's Motion to Dismiss and Brief in Support (Doc. 8) is **denied**.  Plaintiffs' Motion to Remand (Doc. 10) is **granted**.   This case is **remanded** to the Tulsa County District Court. [1]

**ORDERED** this 15th day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1]   Plaintiff Rollins has filed a Motion to Substitute Parties (Doc. 15), which notes that plaintiff Donna Brown is now deceased.  Because the Court lacks jurisdiction to rule on this motion, the relief sought therein must be determined by the Tulsa County District Court upon remand.